on defendant’s motion for rehearing
per curiam:[1]
Much of defendant’s motion for rehearing reads the court’s order of January 8,1982, too broadly. That order rests on (1) the Air Force’s own "Guide to Disciplinary Actions” (ante at 757-58); (2) the insufficiently rebutted assertion of a "general, quasi-automatic policy” of termination in theft cases at plaintiffs post (ante at 759); (3) plaintiffs long and unblemished record before the incident in question, plus the other facts in the case. The court’s determination that removal was a disproportionate penalty in the circumstances of this case rests on those factors. On that view, the defendant’s motion for summary judgment was denied.
Point II of defendant’s motion for rehearing requests, in any event, a remand to the Merit Systems Protection Board (MSPB) for determination of an appropriate lesser sanction. That course was not considered in the order of January 8, 1982 because plaintiff had not filed his own motion for summary judgment, and therefore the court did not have before it the issue of the proper disposition to be made of this case. Now that plaintiff has filed his own motion for summary judgment, the court will be able to determine, in proper proceedings and in proper course, what disposition to make — including whether to remand to the MSPB for consideration of a lesser sanction. If defendant wishes to present that point, it should do so in a response to plaintiffs motion.
Defendant’s motion for rehearing is denied.
*761 July 2, 1982
on plaintiff’s cross-motion for summary judgment
This is a civilian pay case and comes before the court on plaintiffs cross-motion for summary judgment. The case has been before us previously on defendant’s motion for summary judgment, which motion we denied in an order entered January 8, 1982, ante at 759. Defendant’s motion for rehearing was denied by order entered April 2, 1982, ante at 760.
* * * * *
For reasons set forth in detail in our orders of January 8, 1982, and April 2, 1982, we determined that in the circumstances of this case removal was a disproportionate penalty, and we gave plaintiff 30 days within which to file a motion for summary judgment on his own account, which he has done.
We have considered all of the contentions advanced by defendant in opposition to plaintiffs motion. With the exception of defendant’s alternative argument that the court should remand the case to the Merit Systems Protection Board for determination of whether some lessor penalty is appropriate, we find defendant’s arguments to have been fully considered previously and determined to be without merit. We have already held, in our January 8, 1982, order that, given the specific facts of this case, termination as a penalty was so unconscionably disproportionate to the offense committed by plaintiff as to constitute an abuse of discretion. That holding was reaffirmed in our order of April 2, 1982, and is no longer open to debate here.
Nevertheless, we see no useful purpose for us to determine what lesser penalty, or whether any, should be imposed in this case. The Merit Systems Protection Board has full power to redetermine a penalty found to be excessive, and possesses the independence and expertise to make an objective determination.
it is therefore ordered, without oral argument, that plaintiffs motion for summary judgment is granted to the extent that he is reinstated to his former position, with *762 back pay; the cause is remanded to the Merit Systems Protection Board with directions to conduct such proceedings as it deems proper in order to determine what penalty, if any, not including termination, is appropriate in this case. Further proceedings in this or any successor court are suspended for a périod not to exceed 6 months. Counsel for plaintiff is designated to report at 90-day intervals on the progress of the case in the Merit Systems Protection Board; such reports to be made to this court until September 30, 1982, and thereafter, if any, to the United States Claims Court.

 Judge Kunzig authored the order of January 8,1982, which defendant now seeks to have reconsidered, but died before the filing of the motion for rehearing.